**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIE D. BELTON, SR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-704 (EGS) |
| ERIK K. SHINSEKI,[1] Secretary of Veteran Affairs, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Willie D. Belton, Sr., proceeding *pro se*, has brought claims against defendant, the Secretary of Veteran Affairs, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* After plaintiff filed an amended complaint, defendant moved to dismiss or, in the alternative, for summary judgment. Upon consideration of defendant's motion, the responses and replies thereto, the applicable law, the entire record herein, and for the reasons stated below, the Court **GRANTS** defendant's motion to dismiss and **DENIES AS MOOT** defendant's motion for summary

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Shinseki, in his official capacity as the Secretary of Veteran Affairs, is automatically substituted as the named defendant.

judgment.

## I.  Background

Plaintiff is an African-American male who was forty-eight years old when his amended complaint was filed.  Am. Compl. ¶ 6.  Plaintiff joined the Veterans Administration ("VA") in 1981 as an electrician's helper.  *Id.* ¶ 6.  He alleges that he was disabled while in military service and that his lower back is "rated at 20%."  *Id.* ¶ 9.  Plaintiff claims that he was subjected to intentional discrimination, retaliation, and a hostile work environment based on his age, race, and disability.  *Id.* ¶¶ 8-10.

Specifically, plaintiff claims that he applied for a General Engineer position (Vacancy Announcement No. VAR-DV-0-1956) in April 2000.[2]  *Id.* ¶¶ 20, 27.  He alleges that he was qualified for the position but that he was not selected or notified of the non-selection.  *Id.* ¶ 27.  Defendant, however, points to evidence that plaintiff was notified of his ineligibility for the position on May 12, 2000.  Def.'s Statement of Material Facts Not in Genuine Dispute ¶ 3; Pl.'s Opp'n Ex. B-1.

Plaintiff also claims that he was harassed by his supervisor.  In particular, plaintiff alleges that his supervisor sent plaintiff e-mails requesting that he complete his work

---

[2]  Plaintiff alleges that he applied for the position in April 2000, while the EEO letter sent to plaintiff by defendant refers to the application date as May 2000.  Because the relevant date is when plaintiff was notified of his non-selection, however, this discrepancy is immaterial.

orders on the same day they were assigned to him. Am. Compl. ¶ 9. He also claims that he received a phone call at home from his supervisor, who threatened physical harm after plaintiff filed complaints. *Id.* ¶ 14. Finally, plaintiff alleges that his supervisor retaliated against him by forcing him to work with a co-worker who plaintiff claims was known to be "dangerous." *Id.* ¶ 16. More generally, plaintiff contends that he was discriminated and retaliated against because the VA refused to provide him with "electrically protective clothing." *Id.* ¶¶ 10-12.

Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor on June 25, 2001 with claims of harassment and non-selection on the basis of race and physical disability. *See* Def.'s Mot. Ex. 1. He then filed an initial EEO complaint on August 24, 2001. *Id.* On January 3, 2002, the VA accepted for further processing plaintiff's harassment claim and rejected as untimely his non-selection claim because plaintiff did not contact a counselor within forty-five days of the date of his non-selection. *See id.* at 4. On September 25, 2003, plaintiff was placed in a "Leave Without Pay" status pending resolution of workers' compensation claims related to his continued unauthorized absences from work. *See* Def.'s Exs. 7-8. When his workers' compensation claims were denied by the Department of Labor on March 15, 2004, plaintiff was placed in an "Absent

Without Leave" status.  *See* Def.'s Mot. Exs. 7-8.

Plaintiff filed a complaint in this Court in April 2004 and sought leave to amend the complaint in March 2005.  Defendant moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56.  Plaintiff filed a "preliminary" opposition and, after defendant filed a reply, moved for an extension of time to respond to defendant's reply and to obtain counsel.[3]  The Court granted plaintiff's motion, directing plaintiff to file a "final opposition" and permitting defendant to file a surreply.  The parties did so, and the motion is ripe for decision.

**II.  Standard of Review**

**A.  Rule 12(b)(1)**

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiffs' factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a

---

[3] Plaintiff did not succeed in securing the representation of counsel, and has instead proceeded *pro se* for the duration of this lawsuit.

Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Thus, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings where necessary to resolve disputed jurisdictional facts. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.   Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading stating a claim for relief must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief'" in order to provide the defendant with "fair notice of the claims against" him. *Ciralsky v. CIA*, 355 F.3d 661, 669, 670 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). In considering a 12(b)(6) motion, the Court should construe the complaint "liberally in the plaintiff's favor," "accept[ing] as true all of the factual allegations" alleged in the complaint. *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original)

(quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008)).  A plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### C. *Pro se* litigants

The pleadings of *pro se* parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S. Ct. at 2200 (internal citations and quotation marks omitted).  But "although a court will read a *pro se* plaintiff's complaint liberally," a *pro se* complaint, no less than any other complaint, "must present a claim on which the Court can grant relief."  *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)).  Because *pro se* litigants are afforded a more lenient pleading standard, their failure to respond to an argument is not construed as a concession unless they have been advised of this rule.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  This Court gave such notice by way of an Order issued on November 26, 2004.  Defendant also provided plaintiff with the requisite notice in its renewed motion to dismiss or for summary judgment filed on May 19, 2005.

**III. Discussion**

    **A. Non-Selection Claim**

An aggrieved federal employee must initiate contact with an EEO counselor within forty-five days of the date of the event believed to be discriminatory or retaliatory; for personnel actions, contact must occur within forty-five days of the effective date of the personnel action. 29 C.F.R. § 1614.105(a)(1). Although this time limit is not a jurisdictional bar to bringing suit in federal court, it nevertheless operates like a statute of limitations to bar claims not timely raised before the employer agency. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). The D.C. Circuit, moreover, has emphasized that courts should exercise their equitable power to toll the statute of limitations "only in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).

Under this standard, plaintiff's discrimination claim based on non-selection for the General Engineer vacancy must be dismissed as untimely. Plaintiff alleged in his complaint that he was never notified of his non-selection, but has since acknowledged that he was notified of his ineligibility for the position on May 12, 2000. *See* Pl.'s Opp'n ¶ 6; Pl.'s Ex. 2. Plaintiff, however, did not contact an EEO counselor until June 25, 2001, more than thirteen months later. *See* Def.'s Mot. Ex.

1.   Plaintiff argues that he was late in contacting an EEO counselor because the May 12, 2000 letter did not advise him of the time limits.  Pl.'s Opp'n at 2.  The Court certainly recognizes that the prudent course for defendant would have been to provide such notice to plaintiff.  The agency's failure to do so, however, does not constitute the type of "extraordinary" circumstance that merits equitable tolling of the forty-five day limit.  *See, e.g.*, *Williams v. Munoz*, 106 F. Supp. 2d 40, 43 (D.D.C. 2000) (citing examples of cases of equitable tolling where the defendant "engaged in affirmative misconduct" or "tricked plaintiff into allowing the filing deadline to pass").  In short, because plaintiff has failed to demonstrate that the forty-five day filing limit should be excused, his non-selection claim must be dismissed for failure to exhaust administrative remedies.  The Court therefore grants defendant's motion to dismiss this claim for lack of subject matter jurisdiction.

**B.   Remaining Claims**

Plaintiff's amended complaint also alleges retaliation and harassment claims based on age, race, and disability.  In his opposition to defendant's motion, however, plaintiff states that he "withdraws his claim of age discrimination as to the harassment, but is without knowledge as to the awardee of the non-selection claim as to the General Engineer position."  Pl.'s Opp'n ¶ 3.  Additionally, plaintiff's opposition accepts most of

defendant's statement of material facts, disputing only two statements: (1) defendant's allegation that his non-selection claim was untimely, and (2) the characterization of his worker's compensation claims.  *Compare* Def.'s Statement of Material Facts ¶¶ 4, 8, *with* Pl.'s Opp'n at 4.  Because plaintiff was given notice that failure to contest defendant's arguments would result in the Court treating his claims as conceded, the Court will grant defendant's motion to dismiss plaintiff's claims of age discrimination, retaliation, harassment, and a hostile work environment.  *See, e.g.*, *Fox*, 837 F.2d at 509; *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

**IV. Conclusion**

For the reasons set forth above, the Court **GRANTS** defendant's motion to dismiss and **DENIES AS MOOT** defendant's motion for summary judgment.  An appropriate Order accompanies this Memorandum Opinion.


**SIGNED:     Emmet G. Sullivan
              United States District Judge
              July 27, 2009**